Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1939 | **DATE** | June 6, 2013 |
| **CASE TITLE** | Benny L. Willis (N-73578) vs. Prisoner Review Board | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, the amended complaint [#36] is dismissed with prejudice for the Illinois Prisoner Review Board Members Adam Monreal, Ed Bowers, Jessie Madison, and Craig Findley and for Illinois Department of Corrections officials Salvador Godinez and Jesse Montgomery. These defendants are dismissed. The amended complaint may proceed against Parole Officer Kenneth Ross. The clerk shall issue summons for service of the amended complaint on this defendant. The clerk shall also send Willis a Magistrate Judge consent form and instructions for filing documents in this court.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Benny L. Willis, currently incarcerated at the Western Illinois Correctional Center, initiated this 42 U.S.C. § 1983 suit in March 2012. Naming the Illinois Prisoner Review Board ("IPRB") as the only defendant, he alleged the following: he was arrested on August 23, 2007, for a parole violation; he was denied a preliminary hearing to determine whether there was probable cause to hold him; on January 15, 2010, he pled guilty to armed robbery (the offense that led to the August 2007 arrest); because he never received a preliminary hearing for his parole violation, he was not credited for the time he was confined at the Will County Jail; and he was subsequently held eight months beyond his release date. Willis stated that he petitioned for his release, but his complaints that he was being held beyond his release date were ignored. This court noted that a claim may exist if officers were aware of but ignored that Willis was being held beyond his release date. The court allowed Willis to name IPRB Chairman Adam Monreal to conduct discovery to learn the names of officers who allegedly ignored his complaints about being held beyond his release date. Willis having submitted an amended complaint, which identifies seven defendants and more clearly states his claims, it is clear that this case cannot proceed against most of the defendants.

    Willis' amended complaint names as defendants Illinois Department of Corrections ("IDOC") Director Salvador Godinez, IDOC Deputy Director Jesse Montgomery, IPRB Chairman Adam Monreal, and IPRB Members Ed Bowers, Jessie Madison, and Craig Findley. Willis also names Officer Kenneth Ross, who allegedly filled out the warrant for Willis' arrest for the parole violation. The allegations in the amended complaint are similar to those in his original complaint, except Willis now clarifies that his claims are that he was denied a preliminary hearing following his August 27, 2007, arrest for a parole violation; that the sentence he received at his parole violation hearing did not take into account the time he spent waiting for a preliminary hearing; and that the IPRB members did not notify the court at the parole revocation hearing of the lack of a preliminary hearing. Willis contends that the defendants violated the consent decree in *King v. Walker*, No. 06 C 0204 (N.D. Ill. Jan. 26, 2007) (Gettleman, J.), which requires a preliminary hearing be held within ten days of re-incarceration. According to Willis, he was detained pursuant to a parole violation hold

| STATEMENT |
|---|

at the Will County Jail from August 23, 2007 to March 19, 2010, when a parole revocation hearing was conducted. He states that his offense of armed robbery was a bailable one, for which he could have posted bond but for the parole violation hold.

"In the case of persons arrested for violating parole, a preliminary hearing to determine probable cause must be conducted 'as promptly as convenient after arrest while information is fresh and sources are available,' and a plenary hearing must be held within a 'reasonable time after the parolee is taken into custody'– normally two months." *Atkins v. City of Chicago* 631 F.3d 823, 827 (7th Cir. 2011), quoting *Morrissey v. Brewer*, 408 U.S. 471, 484–88 (1972). It is not yet clear what amount of time satisfies the "as promptly as convenient" requirement, but as noted above, the January 26, 2007, consent decree in *King v. Walker*, 06 C 0204 stated that the preliminary hearing must be held within 10 days of re-incarceration.

Though a § 1983 claim may arise from a failure to timely bring a person to a preliminary hearing following a parole violation arrest, IPRB members and IDOC officials have absolute immunity from suit with respect to scheduling preliminary hearings. Absolute immunity exists for prisoner review board members for their activities that are "inexorably connected with the execution of parole revocation procedures and are analogous to judicial action." *Walrath v. United States*, 35 F.3d 277, 282 (7th Cir.1994), quoting *Trotter v. Klincar*, 748 F.2d 1177, 1182 (7th Cir.1984). Such immunity applies not only for decisions to deny, grant, or revoke parole, *see Walrath*, 35 F.3d at 281, "but also to those activities that are part and parcel of the decision process." *Thompson v. Duke*, 882 F.2d 1180, 1184 (7th Cir. 1989), quoting *Trotter*, 748 F.2d at 1182. These "activities" include the scheduling and holding of preliminary hearings to determine probable cause of a parole violation. *See Trotter*, 748 F.2d at 1182 (holding that immunity applied to parole board members for a claim of not timely scheduling both a preliminary hearing to determine probable cause and a hearing to revoke parole); *see also Walker v. Prisoner Review Bd.*, 769 F.2d 396, 398-99 (7th Cir. 1985) (clarifying that the immunity for IPRB members stated in *Trotter* is absolute immunity). The IPRB members' alleged failure to schedule a prompt preliminary hearing, as well as their alleged actions or inactions at the parole revocation hearing, are activities "inexorably connected with the execution of parole revocation procedures." Willis cannot proceed with his claims against these defendants. *See* 28 U.S.C. § 1915A (this court must conduct a preliminary review of all complaints filed by prisoners and dismiss the case, or any claim therein, if it seeks damages from a party immune from such relief).

The same immunity that applies to IPRB members also applies to IDOC officials who perform the same function of scheduling hearings in parole violation proceedings. *See Thompson*, 882 F.2d at 1183, n.3 ("We . . . do not think that a significant distinction exists between the duties performed by those defendants who are members of the Department of Corrections and those defendants who are members of the Prison Review Board."). Accordingly, IDOC Director Salvador Godinez and IDOC former Chief of Paroles Jesse Montgomery also have absolute immunity for Willis § 1983 claims for damages and are dismissed.

The only remaining defendant is Kenneth Ross, who Willis states issued the parole warrant and should have followed up with ensuring that a preliminary hearing to determine probable cause was conducted. Although parole officers also enjoy absolute immunity for performing quasi-judicial and prosecutorial
activities such as signing an arrest warrant for a parole violation and scheduling hearings, *see Walrath v. United States*, 35 F.3d 277, 282 (7th Cir. 1994), they have only qualified immunity for their actions analogous to those of police officers, such as initiating revocation proceedings by filing a report, *see Wilson v. Kelkhoff,* 86 F.3d 1438, 1445 (7th Cir. 1996), or failing to investigate claims of entitlement to release by one arrested for a parole violation, *see Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005), Willis' allegations against Ross are that, "as the individual who issued 'parole warrant' for Plaintiff's arrest, ... he

| STATEMENT |
|---|

should have followed the appropriate protocol required by the stipulation in the '*King v. Walker*' settlement agreement." (Amended Compl. at 3.) If Ross was aware that Willis was being held without a preliminary hearing being conducted, such inaction may support a claim. A person "may recover compensatory damages for the unlawful duration of his confinement" and an officer's failure to bring a person promptly for a probable cause hearing after an arrest can give rise to a 42 U.S.C. § 1983 claim. *Lopez v. City of Chicago*, 464 F.3d 711, 722 (7th Cir. 2006), citing *Carey v. Piphus*, 435 U.S. 247, 254-55 (1978) (addressing claims of an untimely preliminary hearing under *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991)),

For the reasons stated above, the claims against the IPRB members and the IDOC officials are dismissed, but the claim against Officer Kenneth Ross may proceed. Summons shall issue for service of the amended complaint on Ross. The United States Marshals Service is appointed to serve Ross. It the Marshal needs Willis to fill out service forms, the Marshal shall send him such forms. Willis' failure to return forms to the Marshal will result in the dismissal of Ross. The U.S. Marshal is directed to make all reasonable efforts to serve this defendant. If Ross is no longer a parole officer, IDOC or IPRB officials shall furnish the Marshal with Ross' last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Willis is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Willis must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Willis must send an exact copy of any filing to defendant, or his counsel if an attorney has entered an appearance. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Willis.