IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENNY L. WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12 CV 1939 |
| | ) | |
| KENNETH ROSS, RICK BARD, ALAN S. HAHN, CLARENCE DUMAS, JR., AND MICHELLE LITTLEJOHN, | ) ) ) | Judge Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Benny L. Willis filed suit against Kenneth Ross, Rick Bard, Alan S. Hahn, Clarence Dumas, Jr., and Michelle Littlejohn in March 2012, alleging various violations of his federal constitutional rights secured by 42 U.S.C. § 1983. Willis's Third Amended Complaint alleges (1) violation of his due process rights under the United States Constitution resulting from the failure of Ross, Bard, Hahn, and Dumas to ensure he received a prompt preliminary parole revocation hearing; (2) violation of his due process rights under the Illinois Constitution and his Illinois statutory right to such a hearing resulting from the same conduct; and (3) violation of his due process rights under the federal Constitution resulting from Littlejohn's negligence in miscalculating his sentence. Defendants move to dismiss all three claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and to dismiss the claim against Littlejohn for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, defendants' motion is granted with prejudice as to counts I and II, and with leave for Willis to file a Fourth Amended Complaint as to count III.

# BACKGROUND[1]

On August 23, 2007, while on parole for an unrelated conviction, Willis[2] was arrested by local police in University Park, Illinois, and taken to the Will County Jail. Willis was charged with aggravated robbery.[3] The day following the arrest, Bard, an executive designee with IDOC, and Hahn, an IDOC warrant officer, signed a warrant directing that Willis be taken into custody for delivery to IDOC for having violated the conditions of his parole. Willis denies that he violated parole but, because of the warrant, he was not permitted to post bail for the aggravated robbery charge, an otherwise bailable offense under Illinois law. (Dkt. 146 at 3.) Bard, Hahn, Ross (also an IDOC warrant officer), and Dumas (Willis's parole officer) failed to provide Willis a preliminary parole revocation hearing. As a result, Willis remained in the Will County Jail for 29 months. On January 15, 2010, Willis pleaded guilty to a charge of committing aggravated robbery on August 14, 2007. He received a sentence of six years of imprisonment, with credit for 877 days of time served, and his parole was officially revoked that same day.

In March 2010, Littlejohn, an employee of the Illinois Parole Review Board (PRB),

---

[1] The facts described herein are taken from the Third Amended Complaint and are accepted as true for the purposes of this motion. *See Thompson* v. *Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002) (citation omitted); Fed. R. Civ. P. 10(c). The court will also consider the additional factual allegations in Willis' response to this motion. *See United States ex rel. Hanna* v. *City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (quoting *Early* v. *Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("The party defending the adequacy of a complaint may point to facts in a brief or affidavit 'in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment.'").

[2] According to the State of Illinois inmate search website, https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (visited March 29, 2017), Willis is currently confined in the Illinois Department of Corrections in Mt. Sterling, Illinois. Willis's six-year sentence for the armed robbery conviction that gave rise to the parole violation warrant in this case was discharged, but he is currently serving a twelve-year sentence with a custody date beginning December 16, 2011. *Id.*

[3] Willis does not directly allege that he was charged on August 23 or 24, but since he admits pleading guilty to a charge of committing aggravated robbery on August 14, 2007, and he was in custody from August 23 forward for 29 months, this is the only permissible inference.

negligently miscalculated Willis's release date by adding approximately one year to the calculation, resulting in a release date of April 19, 2011, instead of August 21, 2010. This alleged error resulted in Willis's remaining incarcerated nearly eight months beyond his proper release date.

## ANALYSIS

### I. Failure to State a Claim

Defendants' motion to dismiss counts I and II is treated according to the well-established principles to be applied when assessing a motion to dismiss under Rule 12(b)(6). *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (holding that although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; also, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

    A.    Due Process Under the Fourteenth Amendment (Count I)

Willis claims that Ross, Bard, Hahn, and Dumas denied him procedural due process when they failed to provide a preliminary parole revocation hearing as mandated by *Morrissey* v. *Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). Defendants respond that, because a parole violator warrant was issued but not executed, his due process right to a preliminary hearing was not triggered.

In *Morrissey*, the Supreme Court held that a State may not revoke parole without affording the defendant due process. *Id.* at 481 (citing *Joint Anti-Fascist Refugee Committee* v. *McGrath*, 341 U.S. 123, 168, 71 S. Ct. 624, 95 L. Ed. 817 (1951)). The Court imposed due process requirements at two stages of the typical process of parole revocation: first, at the time of arrest and detention of the parolee; second, when parole is formally revoked. *Morrissey*, at 485–87. At the first stage (which is at issue here), "some minimal inquiry [must] be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly convenient after arrest" "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Morrissey*, 408 U.S. at 485.[4] It is at this first stage that Wills complains that he was denied due process.

Filling in the blanks in the complaint, the court infers for purposes of this decision that soon after Willis was arrested for the aggravated robbery, police determined that he was on parole and notified IDOC, and the defendant parole authorities caused issuance of a warrant for arrest. But because Willis was already in custody for the robbery charge, they held onto the warrant while that charge awaited disposition. Since Willis alleges that he was denied bail because of the warrant, the fact of his being a parolee must have been made known to the judge who considered his request for bail.

---

[4] The determination must be made by someone other than the parole officer responsible for the parolee and the parolee is entitled to notice of the alleged violation, an opportunity to be present and speak in his own behalf, and to present documents, letters, and individuals who can provide relevant information. *Id.* at 487. The parolee is also entitled to question anyone who has given adverse information (absent a risk of harm to that person). *Id.* After the preliminary hearing, the hearing officer is to make a written summary of what occurs at the hearing and to determine whether there is probable cause to believe that the parolee violated, stating reasons. *Id.*

Willis contends that defendants violated his due process rights by issuing the warrant because the issuance, regardless of whether it was executed, made it impossible for him to post bail. He alleges that he had a "well-established constitutional right to a prompt preliminary parole revocation hearing" and it was the duty of the defendants to provide it. Willis's theory suggests that, if he had been provided the hearing, there would have been a finding of no probable cause for the parole violation warrant; and he would have been admitted to bail. The issue, then, is whether Willis was entitled to a preliminary hearing on the asserted parole violation reasonably close to the time of the arrest, whether or not the warrant was executed.

Defendants cite *Moody* v. *Daggett*, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) and *Doyle* v. *Elsea*, 658 F.2d 512, 515–16 (7th Cir. 1981), in support of their argument that a warrant must be executed before a right to a preliminary parole revocation hearing is triggered. In *Moody*, a federal parolee was convicted of new crimes and returned to prison. Thereafter, the United States Board of Parole issued a parole violator warrant and lodged it as a detainer with prison officials. As a detainer, the parole revocation determination was placed on hold until all the sentences had been served. 429 U.S. at 80 n.2. The Board refused Moody's early request that the warrant be executed immediately so he could concurrently serve the recent sentence, the original sentence, and any sentence imposed for a parole violation. *Id.* at 81, 85. Affirming the denial of a writ of habeas corpus, the Supreme Court held that a *Morrissey*-type hearing was not constitutionally required because the petitioner was already in prison for the convictions and, therefore, had no liberty interest sufficient to invoke the right to a prompt hearing.

*Doyle* addressed a claim much closer to Willis's situation. There, a federal parolee was arrested on a new criminal charge and was not able to make bail because the Parole Commission issued a parole violation warrant. He remained in custody until his conviction on the new charge.

He claimed a due process right to an early parole revocation hearing because the warrant prevented him from being released on bail. The Seventh Circuit distinguished *Moody* on the basis that Moody, unlike Doyle, had already been convicted of the new crimes when the parole violation detainer was lodged, but it held that, since Doyle's liberty interest centered on his attempt to be released on bail and a "reasonably prompt" parole revocation hearing "would in no way advance [that] interest in such pretrial release,"658 F.2d at 516, his due process rights were not violated when he did not receive a hearing within three months of his arrest.

In his complaint, Willis acknowledges that he eventually pleaded guilty to aggravated robbery and his parole was revoked. He does not argue that this revocation was flawed. The only reasonable inference that can be drawn from this fact is that, had Willis received a preliminary parole revocation hearing, probable cause would have been found to hold Willis pending a parole revocation hearing. The Seventh Circuit noted in *Doyle* that "there is no reason to ignore the practical realities of [the plaintiff's] case," 658 F.2d at 517, and here the practical reality is that a preliminary parole revocation hearing would not have advanced Willis's interest in obtaining pretrial release. Thus, the court finds that Willis has failed to state a claim on which relief can be granted and count I must be dismissed with prejudice.

B. Willis' Claim for Violation of Due Process Under Illinois Law (Count II)

Because the court has determined that it must dismiss count I with prejudice and count III does not arise out of the same common nucleus of operative fact as the allegations in count II, the court lacks supplemental jurisdiction over count II. Count II will, therefore, be dismissed with prejudice.

## II. Subject-Matter Jurisdiction (Count III)

"In considering a motion to dismiss for lack of subject matter jurisdiction, the district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable

inferences from those allegations in the plaintiff's favor." *Transit Exp., Inc.* v. *Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

Littlejohn argues that, because she was an employee of the State acting within the scope of her authority when she negligently calculated Willis's release date, count III is a tort claim against the State that must be filed in the Illinois Court of Claims. She relies on *Healy* v. *Vaupel*, 549 N.E.2d 1240, 1247, 133 Ill. 2d 295, 140 Ill. Dec. 368 (1990), holding that the Illinois State Lawsuit Immunity Act and the Court of Claims Act grant the court of claims exclusive jurisdiction to hear "[a]ll claims against the State for damages in cases sounding in tort." 705 Ill. Comp. Stat. 505/8(d); *see also* 745 Ill. Comp. Stat. 5/1. Willis argues in response that *Healy* is distinguishable because Willis alleges not a simple tort claim, but a violation of his Fourteenth Amendment due process rights.

Willis has pleaded that "[a]s a direct and proximate result of Littlejohn's negligence, plaintiff was not released until April 19, 2011, depriving him of his freedom without due process of law." (Dkt. 121 ¶ 35.) Because Willis had already been convicted when his release date was miscalculated, his claim arises under the Eighth Amendment, as to which he must show deliberate indifference to the risk that he would be deprived of liberty. *See Figgs* v. *Dawson*, 829 F.3d 895, 902 (7th Cir. 2016) ("Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference.") "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Id.* at 903.

As pleaded, the Third Amended Complaint fails to state a claim for deliberate indifference and must be dismissed, but without prejudice to repleading if Willis can in good

7

faith allege facts supporting an inference of deliberate indifference, as opposed to negligence or gross negligence. If, however, Willis's claim is merely a claim of negligence, that claim belongs in the Illinois Court of Claims. *See Richman* v. *Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) ("The Illinois State Lawsuit Immunity Act . . . provides that the State of Illinois is immune from suit in any court, except as provided in the Illinois Court of Claims Act . . . . These state immunity rules apply to [plaintiff's] state law claims in federal court.")

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss counts I, II, and III (dkt. 137) is granted with prejudice as to counts I and II and without prejudice as to count III. Willis is given leave to refile by April 28, 2017. A status hearing is set for May 9, 2017 at 11:00 a.m.

Date: March 31, 2017 _____

U.S. District Judge Joan H. Lefkow